UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re
Technology Container Corp.
    Debtor

Chapter 11
No. 15-40339-MSH

DEBTOR'S EMERGENCY MOTION FOR INTERIM AUTHORITY TO
USE CASH COLLATERAL AND SELL ACCOUNT RECEIVABLE TO CRESTMARK BANK

Now comes Technology Container Corp., Debtor in the above proceedings (hereinafter the Debtor), and respectfully represents that:

1. The Debtor has filed simultaneously herewith a petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. The Debtor is engaged in the business of the sale of cardboard and plastic boxes and containers. Annual sales in 2014 were $24 million and annual sales for 2015 are expected to be in excess of $15 million.

3. The Debtor owes Crestmark Bank (hereinafter "Crestmark") approximately $90,000 arising from an Accounts Receivable Purchase Agreement (hereinafter the Purchase Agreement). A true copy of the Purchase Agreement is attached hereto at A.

4. Pursuant to the Purchase Agreement Crestmark advances 85% for the purchase of confirmed eligible invoices, which includes accounts receivable that are not over 90 days from date of invoice. Due to the failure or refusal of certain of the Debtor's customers to provide Crestmark necessary documentation, Crestmark has refused to date to consider any account receivable from those customers to be eligible.

5. The debt owed to Crestmark is secured by all assets of the Debtor. Crestmark filed a UCC-1 Financing Statement on November 20, 2014.

6. The Debtor owes People's Capital and Leasing Corp (hereinafter "People's") approximately $650,000. People's holds a purchase money security interest in all accounts and certain inventory. People's most recently filed a UCC-1 Financing Statement on July 16, 2014.

7. The Debtor currently has over $1.3 million in outstanding accounts receivable, most of which are less than 90 days. The Debtor also has on hand approximately $1.2 million in finished goods and raw material at cost. The Debtor believes that the fair market value of the cash collateral securing the obligations owed to each of Crestmark and People's exceeds the combined amount

of the debt owed to Crestmark and People's and that the equipment securing the debt owed to People's also independently exceeds the amount of debt owed to People's.

8. The Debtor is current with its obligations to both Crestmark and People's.

9. The Debtor expects to generate approximately $4.0 million in cash through the end of March of 2015 and after expenses, including all costs of purchases of new inventory and debt service to Crestmark and People's, to generate a positive cash flow of up to $170,000. Projections of receipts and disbursements through March 31, 2015, based upon current operations and historical performance, are attached hereto at B.

10. The Debtor is presently unable to immediately obtain, in the ordinary course of business or otherwise and without significant disruption to the conduct of its business, unsecured credit allowable under Section 503(b)(1) of the Code as an administrative expense, unsecured credit allowable under Section 364(a) or (b) of the Code or secured credit under Section 364(c) of the Code, other than credit from the Bank as provided in this Order pursuant to Section 364(d) of the Code

11. Crestmark has agreed to continue to purchase accounts receivable consistent with the terms of the Purchase Agreement, and subject to entry of a borrowing and Cash Collateral Order satisfactory to Crestmark, through May 29, 2015.

12. Sale of accounts receivable to Crestmark and use of cash collateral is necessary to any successful reorganization of the Debtor. The Debtor seeks authority to use existing and future cash collateral and to provide a "roll-over" lien to Crestmark and People's to the same extent and validity as Crestmark and People's held a security interest on the filing date.

13. Without now seeking assumption of the contract between the Debtor and Crestmark, the Debtor further seeks authority to continue to provide to Crestmark accounts receivable in accordance with the terms of the terms of the Accounts Receivable Purchase Agreement.

14. The Debtor proposes to pay to People's the ordinary monthly debt service of approximately $46,000

15. Debtor requests relief on an emergency basis for a period through March 31, 2015 so that it may continue its operations and ultimately provide notice to interested parties of a final cash collateral hearing.

WHEREFORE Technology Container Corp. prays that:

1. It be authorized to use cash collateral consisting of cash on hand, accounts receivable, and inventory of up to $1.4 million on an interim basis through the close of business on March 31, 2015 or such other date as this court can conduct a final hearing on use of cash collateral in accordance with the projections attached hereto;

2. It be authorized to grant to Crestmark Bank a security interest in post petition assets to the same perfection, validity, priority, and extent that the secured party held a security interest in the assets at the time of the filing of the Chapter 11 petition in accordance with the Order Authorizing Debtor to Sell Accounts Receivable to Crestmark Bank (the "Crestmark Order") ;

3. It be authorized to sell to Crestmark accounts receivable in accordance with the terms of the terms of the Accounts Receivable Purchase Agreement and to authorize Crestmark to pay off obligations due as accounts receivable are collected in accordance with the Crestmark Order;

4. It be authorized to grant to People's Capital and Leasing Corp a security interest in post petition assets to the same perfection, validity, priority, and extent that the secured party held a security interest in the assets at the time of the filing of the Chapter 11 petition and to continue to make payments to People's Capital and Leasing Corp in accordance with the terms and conditions of the Loan Documents.

5. This court establish a final hearing on Debtor's motion for use of cash collateral; and

6. It be granted such further relief as is just.

    Technology Container Corp.
    By its attorney


    /s/ David M. Nickless
    David M. Nickless, Esq.
    Nickless, Phillips, and O'Connor
    625 Main Street
    Fitchburg, MA  01420
    BBO 371920
    978-342-4590
    dnickless.nandp@verizon.net

## CERTIFICATE OF SERVICE

I, David M. Nickless, do hereby certify that I will immediately upon receipt of the notice of electronic service serve a copy of the within pleading by mailing same to any of the parties listed on the attached service list not noted as having received electronic service.


Dated:  February 25, 2015                  /s/ David M. Nickless
                                                      David M. Nickless

## Service List

| | |
|---|---|
| United States Trustee<br>446 Main Street<br>Worcester, MA  01608<br>*Via ECF* | John O'Shea Sullivan, Esq.<br>Burr & Forman, LLP<br>171 Seventeenth St, NW, Suite 1100<br>Atlanta, GA 30363<br>*Counsel to Rock Tenn* |
| Crestmark Bank<br>1500 Gateway Blvd. Suite 250<br>Boynton Beach, FL 33426<br>ATTN:  Joseph Zayas | Thomas E. Coughlin, Esq.<br>Jaffe Raitt Heuer & Weiss, P.C.<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034 |
| Niall Enright<br>Ryeslip Lodge, Rathcolman<br>Mullingar<br>IRELAND | NMHG Financial Services, Inc.<br>44 Old Ridgebury Road<br>Danbury, CT  06810 |
| Adam B. Marks, Esq.<br>Updike, Kelly & Spellacy, P.C.<br>P.O. Box 231277<br>Hartford, CT  06123-1277<br>*Counsel to People's Capital and Leasing* | People's Capital and Leasing<br>255 Bank Street, 4th Floor<br>Waterbury, CT 06702 |
| Texas Comptroller of Public Accounts<br>P.O. Box 13528<br>Capitol Station<br>Austin, Texas 78711-3528 | Internal Revenue Service<br>Special Procedures Function, Stop 20800<br>PO Box 9112<br>Boston, MA  02203 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | MA Dept of Revenue<br>Bankruptcy Unit<br>PO Box 9564<br>Boston, MA  02114-9564 |
| MA Division of Unemployment<br>One Ashburton Place, Suite 212<br>Boston, MA  02108 | Tax Collector<br>PO Box 15602<br>Worcester, MA 01615-0602 |
| Pratt Industries<br>3300 High River Road<br>Fort Worth, TX 76155 | Rock Tenn<br>51 Independence Drive<br>Devens, MA 01432 |
| New England Sheets<br>36 Saratoga Blvd<br>Devens, MA 01434 | Texcorr, L.P.<br>200 Butcher Road<br>(FM387)<br>Waxahachie, TX 75165 |

CSA Transportation
10847 Poplar Avenue
Fontana, CA 92337

FED EX Freight
PO Box 223125
Pittsburgh, PA 15250-2125

New England Wooden Ware Corp.
205 School Street, Suite 201
Gardner, MA 01440-2781

TXU Energy
PO Box 650638
Dallas, TX 75265-0638

DLS Worldwide
PO Box 730440
Dallas, TX 75373-0440

J V Plastics, Inc.
2723 S. GSW Parkway
Grand Prairie, TX 75052

American Inks and Coatings
P.O. Box 487
Sheridan, AR 72150

BNSF Logistics, LLC
75 Remittance Drive
Suite 1767
Chicago, IL 60675-1767

NMHG Financial Services
PO Box 35701
Billings, MT 59107

HW Staffing Solutions
PO Box 517
South Easton, MA 02375-0157

XPO Logistics
13777 Ballantyne Corporate Place
Charlotte, NC 28277

Wells Fargo Bank, N.A.
300 Tri-State International, Suite 400
Lincolnshire, IL  60069

American Express
P.O. Box 53765
Phoenix, AZ  85072-9945

Pro Staff/Atterro
Human Capital Group
651 Nicollett Mall, Suite 525
Minneapolis, MN 55402

Gringeri Bros Transportations Inc.
8 Park Avenue
Hudson, NH 03051

National Grid
PO Box 11737
Newark, NJ 07101-4737

City of Desoto Industrial
Development Authority
211 E. Pleasant Run Road, Suite A
Desoto, TX  75115